# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL,<br><br>             Plaintiff,<br><br>   v.<br><br>JAMES A. YATES, et al.,<br><br>             Defendants. | CASE NO. 1:09-cv-00552-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 13) |

Plaintiff Francisco Gil ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2009, plaintiff filed a motion seeking preliminary injunctive relief. Plaintiff requests a court order commanding defendants to provide Plaintiff with medical care for his various medical ailments including herniated discs, bone spurs, degenerative disc disease, joint disease and muscle spasms. Plaintiff further states that he requires back and neck surgery, and requests that the Court appoint a specialist or neurosurgeon to provide him with treatment.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

1

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In an order issued September 18, 2009, the court dismissed plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and ordered plaintiff to file an amended complaint within thirty days.[1] At this juncture, the court does not yet have before it an actual case or controversy. Further, assuming that plaintiff files an amended complaint that states cognizable claims for relief under section 1983, until the complaint has been served on defendants and they have appeared in this action, the court will not have jurisdiction over any of the defendants and may not issue any orders mandating that they take certain action. Zepeda, 753 F.2d at 727.

The Court is mindful that Plaintiff alleges that he is in pain and requires medical treatment. However, for the reasons articulated above, the Court must recommend that plaintiff's motion for preliminary injunctive relief, filed September 18, 2009, be DENIED, without prejudice, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[1] By separate order, the Court has granted Plaintiff's request for an extension of the deadline for filing his amended complaint.

2

1 **days** after being served with these Findings and Recommendations, plaintiff may file written 2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's 3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the 4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 5 1153 (9th Cir. 1991).

6      Finally, with respect to Plaintiff's request for a Court-appointed neurosurgeon or specialist 7 to provide him with medical care, the expenditure of public funds on behalf of an indigent litigant 8 is proper only when authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) 9 (citations omitted).  The in forma pauperis statute does not authorize the expenditure of public funds 10 for the purpose sought by Plaintiff, and his request must be DENIED.

12    IT IS SO ORDERED.

13    **Dated:   October 13, 2009**               **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE