# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL, | CASE NO. 1:09-cv-00552-AWI-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 24) |

**Order After Screening First Amended Complaint**

**I.   Background**

Plaintiff Francisco Gil ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on March 24, 2009. On September 18, 2009, the Court dismissed Plaintiff's complaint with leave to file an amended complaint within 30 days. On November 16, 2009, after receiving an extension of time, Plaintiff filed his first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.    First Amended Complaint**

    **A.    Rule 18(a)**

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP"), where the alleged incidents giving rise to this action occurred. Plaintiff names the following individuals as defendants: chief medical officer F. Igbinosa, doctor Salazar, doctor Kim, doctor Ortiz, doctor Kushner, doctor Neubarth, doctor Seifert, doctor Diep, doctor Castillo, doctor Duenas, doctor Samsom, doctor Vilaysane, doctor Phi, doctor Hong, doctor Amadi, doctor Birring, doctor Paja, doctor Nguyen, R.N. S. Pasha, R. N. Manasreo, R. N. Medina, R. N. Griffith, R. N. Davis, R. N. Ryan, LVN Hilts, LVN K. Malloy, LVN Johnson, 602 HC appeals coordinators Cassity and A. Nesbit, health care 602 HC associate director of third level appeals for CDCR T. Kimura-Yip, the medical authorization review committee, appeals coordinator for American With Disabilities Acts inmates J. Herrera, physical therapist Stephen Chabak, appeals coordinator C. Hudson, captain M. C. Davis, and correctional counselor II C. Cano. Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment.

The Court has reviewed Plaintiff's first amended complaint and finds that it contains numerous unrelated claims against numerous defendants. Claim A concerns Defendants Salazar and Kim for events occurring in 2002 after Plaintiff's arrival at PVSP. Claim B concerns Defendants Ortiz, Kushner, Neubarth, and Pasha regarding events in 2003 (Ortiz and Neubarth) and 2005 (Kushner and

2

Pasha) following a MRI. Claim C concerns Defendants Henderson, Martinez, Hudson, Shannon, Herrera, Manared, and Seifert after a prison riot in 2006. Claim D concerns Defendants Coleman, Castillo, Duenas, and Diep for events occurring in 2007. Claim E concerns Defendants Griffith, Medina, Shannon, and Herrerra after Plaintiff submitted an ADA form in 2007. Claim F concerns Defendants Davis, Samson, Chabak, Kilts, Vilaysane, Malloy, Birring, Tucker, Dutra, Ryan, Phi, Alvarez, Igbignosa, Amadi, Huang or Hong, Paja, and Nguyen for events occurring between 2008 and 2009. Claim G concerns Defendants Yates, Grannis, and T. Kimura-Yip and their role as supervisory defendants from 2006 to 2009. Claim G also concerns Defendants Johnson, Nesbit, Cassity, Stringer, and Clark regarding a medical apparatus in 2009. Claim G also concerns Defendants Patrick and Cano for events in 2006, and Defendant Autum for events in 2009.

The only thing that ties all defendants together is that all defendants were at some point allegedly involved in medical care for Plaintiff at PVSP, whether it be through the providing of medical care or lack thereof, retaliation, or responding to various requests and inmate appeals. However, Plaintiff's unrelated claims are in violation of Rule 18(a) of the Federal Rules of Civil Procedure. "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court has screened Claim B and finds that it states some cognizable claims. All other claims are dismissed from this action without prejudice for violation of Rule 18(a) of the Federal Rules of Civil Procedure. Plaintiff may pursue those claims in separate actions. Plaintiff is warned again that multiple unrelated claims with unrelated defendants in the same complaint will be dismissed

for non-compliance with Rule 18(a).

**B.     Claim B**

Plaintiff alleges that on January 21, 2003, Plaintiff was transported to Coalinga Regional Medical Center ("CRMC") for an MRI. (FAC, Claim B, ¶ 4.) The MRI allegedly gave proper diagnoses and the necessary medical treatment, which included the return of the back brace. (Id.) Plaintiff alleges that the results of the MRI of C-spine (neck), thoracic spine (chest upper back), and lumbar spine indicated the cause of pain and actual injury of bulging discs at C-2, C-3, and L-5. (Id. ¶ 5.) Plaintiff contends that the following defendants had factual knowledge of the MRI. (Id.)

Plaintiff alleges that on April 23, 2003, while speaking with Defendant doctor Ortiz during an appointment at c-facility clinic, Plaintiff asked about his MRI results. (Id. ¶ 6.) Defendant Ortiz stated that there was never an accurate MRI, and denied Plaintiff a back brace. (Id.)

Plaintiff alleges that on July 25, 2003, Plaintiff had an appointment with Defendant doctor Neubarth . (Id. ¶ 7.) Defendant Neubarth had knowledge of the MRI, the known injuries, and cause of pain, and of further risk of injury to Plaintiff, but denied Plaintiff medical care. (Id.)

Plaintiff alleges that on February 23, March 10, March 18, March 28, March 29, and April 25 of 2005, Plaintiff saw Defendant Dr. Kushner who engaged in reprisal against Plaintiff for using the 602 inmate appeal process. (Id. ¶ 8.) Plaintiff alleges that he filed the appeals after close to 3 months of no medical care. (Id.) Plaintiff informed Defendant Kushner of medical conditions and his level of pain, and requested medical care, but Defendant instead lowered/played with Plaintiff's pain pill dosage on multiple occasions. (Id.)

Plaintiff alleges that Defendant RN S. Pasha had Plaintiff taken to CTC, not for medical treatment but in an attempt to have Plaintiff "sign off on Dr Kushner 602" with no concern for Plaintiff's medical care. (Id. ¶ 9.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

4

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states a cognizable Eighth Amendment claim against Defendants Ortiz, Neubarth, and Kushner. Allegations that Defendant doctors knew of Plaintiff's MRI results and medical conditions, and denied Plaintiff treatment, or "played around" with Plaintiff's pain pill dosage on numerous occasions, are sufficient at the pleading stage to state a cognizable claim for deliberate indifference.

Plaintiff fails to state a cognizable claim against defendant Pasha. Plaintiff has not sufficiently alleged how Defendant Pasha knew of and disregarded an excessive risk to Plaintiff's health and safety.

### III. Conclusion

Plaintiff has stated cognizable claims against defendants Ortiz, Neubarth, and Kushner for violation of the Eighth Amendment. Plaintiff fails to state a cognizable claim against Defendant Pasha. All of Plaintiff's other claims against all other Defendants are dismissed without prejudice for violation of Rule 18(a).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendants Ortiz, Neubarth, and Kushner, Plaintiff may so notify the Court in writing. The Court will then issue a Findings and Recommendations recommending that Defendant Pasha be dismissed from this action, and will forward Plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Claims A, C, D, E, F, and G are dismissed without prejudice for violation of Rule 18(a) of the Federal Rules of Civil Procedure;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

6

   a. File a second amended complaint curing the deficiencies identified by the Court in this order as to Claim B, or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

4. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

  **Dated: March 1, 2010**       /s/ Dennis L. Beck
                    UNITED STATES MAGISTRATE JUDGE