1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| | |
|---|---|
| FRANCISCO GIL, | CASE NO. 1:09-cv-00552-AWI DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DENYING MOTION FOR |
| JAMES A. YATES, et al., | PRELIMINARY INJUNCTIVE RELIEF |
| Defendants. | (Docs. #13, #20, & #26) |
| _____ / | |

19

20

21

    Plaintiff Francisco Gil ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22

23

24

25

26

    On October 14, 2009, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's motion for a preliminary injunction be denied.   The Findings and Recommendations was served on Plaintiff and contained notice to Plaintiff that any objections to the Findings and Recommendations was to be filed within thirty days.  Plaintiff filed an Objection to the Findings and Recommendations on November 18, 2009.

27

28

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the Findings and

1

1   Recommendations's conclusion correct.   The Findings and Recommendations rest its conclusion
2   on the fact that no operative complaint had been screened and found to state a claim.  While at the
3   time the Findings and Recommendations were entered the Magistrate Judge had dismissed the
4   complaint, by the time Plaintiff filed his objections, Plaintiff had  filed an amended complaint.  The
5   court declines to find that a motion for a preliminary injunction can simply be denied because the
6   court has not yet  done its statutory duty to screen the complaint pursuant to 28 U.S.C. § 1915A(a).

7        However, by March 2, 2010, the Magistrate Judge did screen the amended complaint and
8   found it stated a claim as to certain Defendants.   The Magistrate Judge directed Plaintiff to either
9   inform the court that Plaintiff was willing to proceed on the claim the Magistrate Judge found
10  cognizable or file a second amended complaint.   On March 18, 2010, Plaintiff filed a second
11  amended complaint.   Attached to the second amended complaint is a motion for a preliminary
12  injunction.  The Magistrate Judge has not yet screened this second amended complaint.

13       In the original motion for a preliminary injunction, Plaintiff sought a court order compelling
14  Defendants to perform their preexisting duties and appointing a neurosurgeon for Plaintiff's medical
15  care.   This civil rights complaint is governed by the Prison Litigation Reform Act.  This Act
16  provides that: "Prospective relief in any civil action with respect to prison conditions shall extend
17  no further than necessary to correct the violation of the Federal right of a particular plaintiff or
18  plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such
19  relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal
20  right, and is the least intrusive means necessary to correct the violation of the Federal right."  18
21  U.S.C. § 3626(a)(1)(A).  In addition, a "plaintiff must show that he has sustained or is immediately
22  in danger of sustaining some direct injury as the result of the challenged official conduct and the
23  injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  City
24  of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (internal quotations and citations omitted). When
25  a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own
26  internal affairs,'" see Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v.
27  Goode, 423 U.S. 362, 378-79 (1976)), and "[w]hen a state agency is involved, these considerations
28  are, in anything, strengthened because of federalism concerns," see Gomez, 255 F.3d at 1128.

"[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding." Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501 (1974)).

Plaintiff seeks broad preliminary injunctive relief.   However, the only claim found cognizable by the Magistrate Judge concerns Defendants Ortiz, Neubarth, and Kusher for actions taken from 2003 to 2005.   Thus, the court finds that it cannot grant Plaintiff the blanket injunctive relief he seeks.

In addition, Defendants have never had the opportunity to oppose Plaintiff's motion for preliminary injunctive relief.   Rule 65(a)(1) of the Federal Rules of Civil Procedure states that the court may issue a preliminary injunction only on notice to the adverse party.   Rule 65(b)(1) only allows an exception to this rule if the Plaintiff has shown in an affidavit or a verified complaint that immediate and irreparable injury, loss, or damage will result to the moving party before the adverse party can be heard in opposition.   Here, Plaintiff has not shown why a preliminary injunction should be issued without even allowing Defendants to be heard on the motion.

The court recognizes that the second amended complaint, which has yet to be screened by the Magistrate Judge, also requests a preliminary injunction.   In the event the Magistrate Judge finds any of the second amended complaint states a claim, Defendants should be ordered to respond to the second amended complaint's request for a preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendations, filed October 14, 2009, is adopted; and

2.    Plaintiff's motion for preliminary injunctive relief, filed on September 18, 2009, is denied.

IT IS SO ORDERED.

Dated:    September 27, 2010    _____
                               CHIEF UNITED STATES DISTRICT JUDGE