# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL, | CASE NO. 1:09-CV-00552-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| JAMES A. YATES, et al., | (DOC. 31) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**Findings And Recommendation**

I.   **Background**

Plaintiff Francisco Gil ("Plaintiff") is a prisoner formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 24, 2009. On September 18, 2009, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to comply with Federal Rule of Civil Procedure 8. On November 6, 2009, Plaintiff filed his first amended complaint. On March 2, 2010, the Court screened Plaintiff's first amended complaint and found that it stated cognizable claims for relief for certain claims, and dismissed other claims without prejudice as unrelated claims against unrelated defendants. Plaintiff was provided the opportunity to file a second amended complaint or notify the Court of willingness to proceed only on the cognizable claims. On March 18, 2010, Plaintiff filed his second amended complaint, as well as a request for preliminary injunctive relief.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.  Summary of Second Amended Complaint**

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: chief medical officer F. Igbinosa, doctors Salazar, Kim, Ortiz, Neubarth, Kushner,Seifert, Diep, Birring, Alvarez, and Amadi, lieutenants Henderson and Herrera, RN's Manasred, Griffith, Medina, Ryan, and Davis, NP Coleman, LVN's Malloy, Johnson, and Stringer, correctional officer Tucker, and warden James A. Yates. Plaintiff also names Defendant Vilaysane in the body of his complaint.

**A.   Federal Rule Of Civil Procedure 20(a)**

Plaintiff's allegations span from his incarceration at PVSP beginning in May 7, 2002 through June 16, 2009. The Court finds that Plaintiff alleges distinct claims against multiple unrelated defendants. All of Plaintiff's claims concern the treatment for his medical condition.

2

Plaintiff's claims include: 1) Defendant Salazar denying Plaintiff his back brace in May 7, 2002; 2) Defendant Kim denying Plaintiff pain management of any sort on August 14, 2002; 3) Defendant Ortiz's failure to provide any medical treatment on April 23, 2003; 4) Defendant Neubarth's failure to provide any medical treatment on July 25, 2003; 5) Defendant Kushner failing to provide adequate medical care for Plaintiff's pain in 2005; 6) Defendants Henderson and Herrera failing to provide medical care after Plaintiff was injured during a prison riot in January 5, 2006; Plaintiff subsequently filing a CDC 602 form to obtain medical treatment with Defendant Manasred (who responded to the 602 grievance) doing nothing; and Plaintiff being seen by Defendant Seifert on March 29, 2006, and receiving no treatment despite Defendant Seifert's knowledge of the extent of Plaintiff's injury; 7) Defendant Coleman declaring that Plaintiff did not suffer from any injury and denying him treatment from July 3, 2007 until April 2009; 8) Defendants Griffith, Medina, and Diep continually cancelling or falsifying medical appointments from September 26, 2007 through October 2007; 9) Defendants Johnson, Ryan, Tucker, Davis, and Stringer harassing Plaintiff regarding his medical appliance from December 27, 2007 to April 2009; 10) Defendants Vilaysane and Birring refusing to provide treatment for Plaintiff on April 7, 2008 and June 11, 2008 despite knowledge of the x-rays and MRIs which indicated Plaintiff's medical issues; 11) Defendants Alvarez and F. Igbinosa informing Plaintiff on January 19, 2009 and June 16, 2009, respectively, that due to the extent of his injuries there was nothing to be done; 12) Defendant Amadi informing Plaintiff on February 25, 2009, that Plaintiff's injury was extensive and surgery would not be provided because of the cost.

These claims are distinct and unrelated.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action.  The Court finds that these claims do not arise from the same transaction or occurrence, and do not involve the same questions of fact.  Though the claims all involve Plaintiff's medical treatment while at PVSP, the alleged actions occurred separately from each other, at different times.  Nothing else links these claims by transaction or occurrence.  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)) (finding

3

1  unrelated claims against different defendants belong in different suits).[1]

2  Plaintiff was previously informed that he could not plead all these claims in a single
3  action. Plaintiff has continued to do so. Accordingly, the Court will choose one cognizable
4  claim to proceed. The Court will choose Plaintiff's claim against Defendant Amadi, as that was
5  the last claim alleged. Plaintiff's other claims should be dismissed without prejudice to filing in
6  *separate actions*.

       **B.**     **Claim Against Defendant Amadi**

8  Plaintiff suffers from a bulging disc in his back, which worsened over time. On February
9  25, 2009, Plaintiff was seen by Defendant Amadi, who reviewed Plaintiff's MRI and X-ray
10 results. Defendant Amadi informed Plaintiff that despite his extensive injury, Plaintiff would not
11 be provided needed surgery to repair it because the surgery is too expensive. Plaintiff alleges that
12 Defendant Amadi actions wereOctober 8, 2010 deliberately indifferent and negligent. Plaintiff
13 seeks as relief injunctive relief and monetary damages.

14 **III.**    <u>Analysis</u>

15       **A.**     **Eighth Amendment**

16 The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does
17 not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
18 citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an
19 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

---

[1] Some of Plaintiff's claims would appear to be barred by the statute of limitations. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Wallace*, 549 U.S. at 387. California's statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1 (Deering 2010). California's statute of limitations may be tolled up to two additional years for a prisoner's monetary damage claims. *Id.* § 352.1. Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. *Lukovsky*, 535 F.3d at 1048. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.*

The continuing violation doctrine applies to § 1983 actions, and allows a plaintiff to seek relief for events outside of the statute of limitations period. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Though not explicitly raised by Plaintiff, the Court also finds that the continuing violations doctrine is inapplicable here. The Court finds that a new violation occurred for each claim stated above. The Defendants per claim acted independently of other Defendants in other claims. Thus, it was not a continuing violation, but rather distinct separate violations.

civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has sufficiently alleged a congizable Eighth Amendment claim against Defendant Amadi for deliberate indifference to a serious medical need.

**B.     State Law Claims**

In order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims Act. *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 245 (2004); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Second, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

5

1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court recommends exercising supplemental jurisdiction over Plaintiff's state law claim of negligence against Defendant Amadi.

**IV.     Preliminary Injunctive Relief**

Plaintiff requests as relief an overhaul of the medical care system at PVSP. Plaintiff also seeks proper physical therapy. Plaintiff's request is moot. On October 4, 2010, Plaintiff fiel a motion for extension of time. (Doc. 35.) In that motion, Plaintiff indicates that he has been deported.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Because Plaintiff is no longer incarcerated at PVSP, the preliminary injunctive relief he requests is now moot. Plaintiff's request for injunctive relief should be denied accordingly.

///

6

**V.      Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed March 18, 2010, against Defendant Amadi for deliberate indifference to a serious medical need in violation of the Eighth Amendment and for the state law claim of negligence;

2. All of Plaintiff's other claims against all other Defendants be dismissed without prejudice for violation of Federal Rule of Civil Procedure 20(a);

3. Defendants F. Igbinosa, Salazar, Kim, Ortiz, Neubarth, Kushner, Seifert, Diep, Birring, Alvarez, Henderson, Herrera, Manasred, Griffith, Medina, Ryan, Davis, Coleman, Malloy, Johnson, Stringer, Tucker, James A. Yates, and Vilaysane be dismissed from this action; and

4. Plaintiff's request for injunctive relief be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2010**                    **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE