# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR AMADI, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-00552-AWI-DLB PC<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER DEFAULT AGAINST DEFENDANT AMADI AND DENYING ENTRY OF DEFAULT JUDGMENT<br><br>(DOC. 57) |

　　　　Plaintiff Francisco Gil ("Plaintiff") was formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed March 18, 2010, against Defendant Amadi for deliberate indifference in violation of the Eighth Amendment and negligence.  On May 11, 2011, the Court directed the United States Marshal to effect service of process on Defendant Amadi.  On August 15, 2011, Defendant Amadi filed a waiver of service.  Doc. 50.  Defendant Amadi acknowledged receipt of the complaint and summons.  As of the date of this order, Defendant Amadi has not filed an answer or otherwise responded.

　　　　On December 19, 2011, Plaintiff filed a motion for entry of default and default judgment against Defendant Amadi.  Doc. 57.  Defendant Amadi has not responded to this motion.  The matter is submitted pursuant to Local Rule 230(l).

1

## I.   Entry Of Default

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Defendant Amadi filed a waiver of service, acknowledging service of process, but did not plead or otherwise defend. Plaintiff submits his motion, verified under penalty of perjury, as an affidavit in support. Accordingly, it is HEREBY ORDERED that the Clerk of the Court is to enter default against Defendant Amadi.

## II.   Default Judgment

Plaintiff seeks default judgment against Defendant Amadi. Plaintiff submits over two hundred pages of exhibits, which purports to demonstrate the extent of Plaintiff's damages. Plaintiff seeks two million dollars as monetary damages, both compensatory and punitive, and costs of suit.

Plaintiff submits documents concerning his alleged medical condition in 2002, crime/incident reports concerning when he was injured in January of 2006, and his numerous grievances concerning his alleged medical treatment afterwards. Plaintiff alleges that on February 25, 2009 Defendant Amadi allegedly examined Plaintiff's MRI and x-rays, and despite Plaintiff's extensive injuries, concluded that Plaintiff would not receive needed surgery because surgery was too expensive.

In entering default judgment, the party must apply to the court. Fed. R. Civ. P. 55(b)(2). The factual allegations are admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). Damages are not admitted. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The defaulting party is entitled to be heard on the matter. Fed. R. Civ. P. 55(b)(2).

Plaintiff's submitted documents indicate a long history of complaints regarding his medical care at CDCR. However, these documents do not demonstrate the damage allegedly caused by Defendant Amadi, if any. It is unclear if Defendant Amadi was involved in treating Plaintiff, and whether Defendant Amadi caused any harm. Plaintiff has not made a showing that he is entitled to default judgment. The Court lacks sufficient evidence to determine damages

based on the record. Accordingly, Plaintiff's motion for entry of default judgment is denied without prejudice.

IT IS SO ORDERED.

Dated:  **March 15, 2012**                              /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE