# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMADI, et al.,<br><br>　　　　Defendants. | Case No.1:09-cv-00552-AWI-DLB PC<br><br>**ORDER TO SHOW CAUSE**<br><br>RESPONSE DUE WITHIN SIXTY DAYS |

　　　　Plaintiff Francisco Gil ("Plaintiff") is a former California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Amadi for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On March 16, 2012, default was entered against Defendant Amadi.  ECF No. 60.  However, the Court denied Plaintiff's motion for default judgment against Defendant Amadi, finding that Plaintiff had failed to present sufficient evidence that Defendant Amadi caused Plaintiff harm.  Plaintiff has not further prosecuted this action.

　　　　Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Court's inherent power, the Court may dismiss an action with prejudice sua sponte for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.[] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

1

This case was initiated on March 24, 2009, and has been pending for over three years as of the date of this order.  Default was entered against Defendant Amadi on March 16, 2012.  However, Plaintiff has not further prosecuted this action for over seven months.  "A party seeking a default judgment must state a claim upon which it may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  "If the Plaintiff is seeking money damages, however, the Plaintiff must 'prove-up' its damages." *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F. Supp. 2d 1049, 1053 (C.D. Cal. 2011).  Damages are not admitted.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Factors that the Court may consider in determining whether to grant or deny an application for default judgment include

> 1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.3d 1470, 1471-72 (9th Cir. 1986).  The Court cannot allow for undue delays in this action.

Accordingly, it is HEREBY ORDERED that Plaintiff is to show cause within **sixty (60) days**[1] why this action should not be dismissed for failure to prosecute. If Plaintiff intends to show cause, Plaintiff will be required to demonstrate how he is entitled to default judgment against Defendant Amadi.  If Plaintiff fails to show cause or otherwise respond, the Court will dismiss this action with prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:   **November 6, 2012**           /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff currently resides in Mexico, and contends that the postal service in Mexico is often delayed.  The Court thus provides Plaintiff with appropriate time to respond to the Court's order.

2