# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00552-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE**<br><br>ECF No. 71<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Francisco Gil ("Plaintiff") is a former California state prisoner, proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Amadi for deliberate indifference to a serious medical need and negligence.  ON March 16, 2012, the Clerk of the Court entered default against Defendant Amadi for failure to respond to Plaintiff's complaint.  However, Plaintiff has not further prosecuted this action against Defendant Amadi.  On November 6, 2012, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute.  On February 25, 2013, the Court received Plaintiff's response to the Order to Show Cause.  ECF No. 77.

　　　　This case was initiated on March 24, 2009, and has been pending for over four years as of the date of this order. Default was entered against Defendant Amadi on March 16, 2012.  "A party seeking a default judgment must state a claim upon which it may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "If the Plaintiff is seeking money damages, however, the Plaintiff must 'prove-up' its damages." *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F. Supp. 2d 1049, 1053 (C.D. Cal. 2011). Damages are not admitted. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Factors that the Court may consider in

determining whether to grant or deny an application for default judgment include

> 1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.3d 1470, 1471-72 (9th Cir. 1986). The Court cannot allow for undue delays in this action.

Plaintiff submits in his response what he considers proof of Defendant Amadi's conduct in causing Plaintiff harm.  Plaintiff submits his medical records. However, Plaintiff is not a medical professional and thus cannot testify or provide explanation as to the medical cause of any medical issues that Plaintiff suffered.  The Court is not in a position to meaningfully interpret Plaintiff's medical records to determine whether Defendant Amadi caused harm to Plaintiff.

The Court does not find that default judgment should be entered against Defendant Amadi. Plaintiff has been unable to further prosecute his action against Defendant Amadi.  Accordingly, the undersigned HEREBY RECOMMENDS dismissal of this action for failure to prosecute.  Fed. R. Civ. P. 41(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2013**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE

2